[No. 20146.  In Bank. — January 27, 1886.]

IN THE MATTER OF THE APPLICATION OF CHRISTIAN KURTZ.

PUBLIC NUISANCE INJURIOUS TO HEALTH—PUNISHMENT—JURISDICTION OVER OFFENSE. — The offense of maintaining a public nuisance injurious to health is punishable, under section 377 of the Penal Code, by imprisonment not exceeding one year or by fine not exceeding one thousand dollars, and consequently is not within the jurisdiction of a Justices' Court.

APPLICATION for a writ of prohibition to prohibit the Superior Court of San Bernardino County from proceeding to try the petitioner for the offense of maintaining a public nuisance injurious to health. The further facts are stated in the opinion of the court.

*Paris & Goodcell*, and *Byron Waters*, for Petitioner.

*John L. Campbell*, for Respondent.

MYRICK, J.—The petitioner was indicted for the crime of maintaining a public nuisance by causing and suffer-

ing great quantities of offensive and stinking filth, water, and substance, solid and liquid, to collect, stagnate, ferment, and be mixed together, and remain and run into a certain flume and ditch and sewer in the town of San Bernardino, whereby the air there and for a great distance around became and was obnoxious, injurious to health, indecent and offensive to the senses, and interfered with the comfortable enjoyment of life and property by a considerable number of persons who dwelt near and passed and repassed daily during the time of such maintaining.

The point presented by the petitioner is that the Superior Court has no jurisdiction to try the charge; that under article 6, section 5, of the constitution, section 19 of the Penal Code, and section 115 of the Code of Civil Procedure, a Justices' Court alone has jurisdiction.

The offense charged is within section 370 of the Penal Code, and is, according to section 377 of the Penal Code, punishable by imprisonment not exceeding one year, or by fine not exceeding one thousand dollars; and therefore is not within section 115 of the Code of Civil Procedure.

The application for the writ is denied and the order to restrain is discharged.

McKee, J., Morrison, C. J., and Sharpstein, J., concurred.

Ross, J., and Thornton, J., dissented.